IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| EUGENE VERNON HARRIS,   :  <br>   : <br>    Plaintiff,   : <br>   : <br> v.   : <br>   : <br> MARINE CORPS LOGISTICS BASE,   : <br>   : <br>    Defendant.   : <br>   : | CASE NO.: 1:13-CV-175 (WLS) |

### ORDER

Presently pending before the Court is Defendant's Motion to Dismiss (Doc. 11). For the reasons that follow, Defendant's Motion to Dismiss (Doc. 11) is **GRANTED.**

### BACKGROUND

On November 5, 2013, Plaintiff *pro se* filed the instant Complaint, a Motion to Appoint Counsel, and a Motion to Proceed *In Forma Pauperis* ("IFP"). (Docs. 1-3.) On November 15, 2013, the Court denied without prejudice Plaintiff's Motion to Appoint Counsel and granted his Motion to Proceed IFP. (Doc. 5.) Also, the Court ordered Plaintiff to amend his Complaint to state a cognizable cause of action. (*Id.*) On December 2, 2013, Plaintiff submitted an Amended Complaint. (Doc. 6.) Plaintiff's Amended Complaint seeks damages for injuries allegedly received by Plaintiff during the course of his employment at the Marine Corps Logistics Base in Albany, Georgia. (*Id.* at 1.) Because Plaintiff had been granted IFP status, the United States Marshal Service served Defendant with process. (Doc. 7.) On January 8, 2014, Defendant filed the Motion to Dismiss currently under review. (Doc. 11.) Plaintiff was ordered to respond and was granted an extension to file such response. (Docs. 12-14.) However, the deadline to respond elapsed and Plaintiff has not filed his response. (*See generally* Docket.) Thus, this matter is ripe for review. *See* M.D. GA. L.R. 7.3.1.

## ANALYSIS

Defendant asserts that the only potential basis for relief available to Plaintiff is the Federal Tort Claims Act ("FTCA").[1] Defendant advances a factual and facial attack on Plaintiff's claim. Defendant factually attacks Plaintiff's claim by arguing that the Court lacks subject matter jurisdiction over Plaintiff's claim because Plaintiff failed to first present his tort claim to the appropriate agency and therefore has failed to exhaust administrative remedies. (*Id.* at 5; *see also* Doc. 11-1.) Defendant facially attacks Plaintiff's claim by asserting that the exclusivity provision of the Federal Employees' Compensation Act ("FECA") bars Plaintiff's suit. (*Id.* at 6.)

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.' " *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.' " *Id.* at 1291.

FECA "is the federal employee's exclusive remedy against the federal government for on-the-job injuries." *Noble v. United States*, 216 F.3d 1229, 1234 (11th Cir. 2000). The FECA provides that

> [t]he liability of the United States . . . under this subchapter . . . with respect to the injury . . . of an employee is exclusive and instead of all other liability of the United States . . . to the employee . . . [or] any other person otherwise entitled to recover damages from the United States . . . because of the injury . . . in a direct judicial proceeding, in a civil action, or

---

[1] Because the only potential basis for relief is the FTCA, the United States of America is the proper defendant. *See* 28 U.S.C. §§ 1346 & 2679; *see also Wills v. Postmaster General*, 300 F. App'x 748, 752 (11th Cir. 2008). Defendant stipulates to the substitution of the United States of America for the purpose of resolution of this Motion. (Doc. 11-2 at 2.)

> in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c). "In enacting this provision, Congress adopted the principal compromise—the 'quid pro quo'—commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983). "The FECA 'was designed to protect the Government from suits under statutes, such as the [FTCA], that had been enacted to waive the Government's sovereign immunity.' " *Balinao v. United States*, No. 3:08CV72/RS/EMT, 2010 WL 2872497, *3 (N.D. Fla. June 27, 2010) (citations omitted). The FECA is intended to serve as a substitute to tort liability. *Id.* If the FECA covers the injury, the plaintiff is limited to remedies under that statute, "even if a particular type of damage or consequence the claimant suffered is not compensable under FECA." *Noble*, 216 F.3d at 1235 (citing *United States v. Lorenzetti*, 467 U.S. 167, 169 (1984)). "If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction." *Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003) (citing *Figueroa v. United States*, 7 F.3d 1405, 1408 (9th Cir. 1993)).

Because Plaintiff admits that his suit "is in regards to injuries [he] received as a federal worker while performing [his] assigned duties on the Marines Corp Logistics Base in the maintenance center," this suit falls squarely within the exclusivity provision of the FECA. Thus, Plaintiff has a colorable claim under the FECA and the Court therefore lacks subject matter jurisdiction over his claim.

Also, even if Plaintiff could bring a claim under the FTCA, he has failed to exhaust administrative remedies. Generally, courts may only consider a plaintiff's complaint while analyzing a motion to dismiss. *Rueda-Rojas v. United States*, 477 F. App'x 636, 637 n.1 (11th Cir. 2012) (citing *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005)). However, "a court may consider evidence outside the pleadings to determine whether a plaintiff has exhausted administrative remedies." *Id.* (citing *Bryant v. Rich*,

530 F.3d 1368, 1374-77 (11th Cir. 2008)). "A federal court has no subject matter jurisdiction over a suit against the United States [under the FTCA] unless the plaintiff has first filed an administrative claim with the concerned agency pursuant to [28 U.S.C.] § 2675(a) that contains a 'claim for money damages in a sum certain.' " *Wills v. Postmaster Gen.*, 300 F. App'x 748, 752 (11th Cir. 2008) (citing *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006)). Because the evidence is undisputed that Plaintiff failed to first file an administrative claim with the concerned agency as required by § 2675(a), and Plaintiff did not allege that he did so in his complaint, the Court finds that Plaintiff failed to exhaust administrative remedies. (*See* Doc. 11-1.) Accordingly, even if Plaintiff's claim was not barred by the FECA, the Court lacks subject matter jurisdiction over his FTCA claim and thus cannot consider that claim.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 11) is **GRANTED.** Accordingly, Plaintiff's Complaint, as amended (Docs. 1 & 6), is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**, this  10th  day of April 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**